**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

DAVID JOHNSON                                                                                   PLAINTIFF

V.                                    NO. 3:08CV00187 JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                        DEFENDANT

## ORDER

Pending before the Court are Plaintiff's Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act ("EAJA") (docket entry #18) and Supplemental Motion for an Award of Attorney's Fees Under the EAJA (docket entry #23). For the reasons set forth herein, the Motion will be granted, and the Supplemental Motion will be denied.

**1.      Plaintiff's Motion for an Award of Attorney's Fees Under the EAJA (docket entry #18)**

On November 18, 2008, Plaintiff filed this action challenging the decision of an Administrative Law Judge ("ALJ") denying his claim for social security benefits. (Docket entry #2). On August 27, 2009, the Court entered a Memorandum Order and a Judgment (docket entries #16 and #17) reversing the ALJ's decision and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

On May 24, 2010, Plaintiff's attorney, Mr. Anthony W. Bartels, filed a Motion for an Award of Attorney's Fees Under the Provisions of the EAJA. (Docket entry #18). Pursuant to an agreement between Bartels and the Office of General Counsel of the Social Security Administration,

Bartels requests payment for 10.25 hours of work performed by an attorney during 2008 and 2009 at the adjusted hourly rate of $175.00.  Furthermore, Bartels seeks payment for 4.15 hours of paralegal time at the rate of $75.00 an hour, and $15.96 in expenses.  The Commissioner does not object to the requested amounts for attorney's fees and expenses.  (Docket entry #17).

Under these circumstances, the Court concludes that Plaintiff is entitled to an award of fees and expenses under the EAJA, and that the amount requested is reasonable.  Accordingly, Plaintiff shall receive a total award of $2,120.96, which includes:  (1) 10.25 hours of attorney time at the rate of $175.00 per hour ($1793.75); (2) 4.15 hours of paralegal time at the rate of $75.00 per hour ($311.25); and (3) $15.96  in expenses.

**2.     Plaintiff's Supplemental Motion for an Award of Attorney's Fees Under the EAJA (docket entry #23)**

In his Supplemental Motion, Bartels requests that any EAJA award "should be payable to, and mailed directly to" him as counsel for Plaintiff.[1]  In support of his request, Bartels attaches his fee agreement with Plaintiff, pursuant to which Plaintiff has assigned his right to an EAJA award to him.[2]  The Commissioner argues that, "regardless of any assignment, this Court should direct that

---

[1] Historically, in the Eastern District of Arkansas, the practice has been for courts to direct that EAJA awards be made payable directly to the claimant's attorney.

[2] In pertinent part, the fee agreement provides:

> I understand that my attorney may apply for statutory fees under the [EAJA].  If I win my case, or if my case is remanded from the [Court] and the Court approves EAJA fees, my attorney will get those fees . . . .  It is also agreed that I [the client] does [sic] hereby make, constitute and appoint [Bartels] my true and lawful attorney, for me and in my name, place and stead for my use and benefit to: (1) endorse all checks made out to me from the U.S. Government regarding any settlement fees and costs pursuant to the [EAJA] in the matter of my court case against the Commissioner of SSA; and (2) apply to the government and/or court to have any such settlement checks made payable directly to [Bartels] and sent directly to his address.  I hereby assign my rights to any EAJA fees and costs to my attorney.

any award of EAJA fees be payable to Plaintiff, not Plaintiff's attorney," citing the United States Supreme Court's recent decision in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

In *Ratliff*, the social security claimant prevailed in her appeal of the denial of benefits, and later sought attorney's fees as the prevailing party under the EAJA, 28 U.S.C. § 2412(d). Before paying the award, the Commissioner discovered that the claimant owed a preexisting debt to the government, and sought an administrative offset of that amount from the EAJA award. The claimant's attorney intervened to challenge the offset, arguing that the EAJA award belonged to her as the claimant's attorney, and thus could not be used to offset her client's debt.

The Court granted certiorari to determine "whether an award of 'fees and other expenses' to a 'prevailing party' under § 2412(d) is payable to the litigant or to his attorney." *Ratliff*, 130 S. Ct. at 2524. The Court held that, pursuant to the plain language of the statute, such an award is "payable to the litigant[.]" *Id.* The Court rejected the contention that the Commissioner's historical practice of paying lawyers directly in cases where the claimant had assigned her rights to the fee, and owed the government no debt, mandated a different result. *Id.* at 2528-29; *see also id.* at 2530 ("The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (SOTOMAYOR, J. concurring). Because the EAJA award was "payable to the litigant," it was subject to the government offset to satisfy the claimant's debt. *Id.* at 2524.

Following the Court's decision in *Ratliff*, a number of lower courts have considered whether an EAJA award should be directed to the claimant's attorney based on a contractual assignment between the claimant and his lawyer. These courts have reached differing conclusions. *See, e.g.*

---

(Docket entry #23-1).

*Beshears v. Astrue*, 2010 WL 3522469 (W.D. Ark. Sep. 2, 2010) (pursuant to *Ratliff* "these fees must be awarded to Plaintiff, not to Plaintiff's attorney . . .[h]owever, if Plaintiff has executed an assignment to Plaintiff's counsel of all rights in an attorney fee award, and if Plaintiff owes no outstanding debt to the federal government, the attorney fee award may be awarded to Plaintiff's attorney"); *Preston v. Astrue*, 2010 WL 3522156 (M.D. Fla. Sep. 8, 2010) ("In light of *Ratliff*, this Court finds it a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees."); *Rathke v. Astrue*, 2010 WL 3363380 (D. S.D. Aug. 23, 2010) (rejecting argument that assignment in fee agreement required an EAJA award to be paid to claimant's attorney — "The state statutes cited by [claimant's attorney] do not alter the Supreme Court's ruling in *Ratliff* nor does the existence of a fee agreement . . . the court is bound by Supreme Court precedent to order the EAJA award in its entirety be paid directly to [the claimant]"); *Patterson v. Commissioner*, 2010 WL 3211139 (N.D. Ohio Aug. 11, 2010) (directing payment to the lawyer where there is an assignment in fee agreement — "In such a case, the payment of an EAJA award directly to plaintiff, a party who no longer holds any legal right to such an award, is without legal justification. Rather, the award should be paid directly to the party to whom plaintiff has assigned the right to receive the award, the plaintiff's attorney. Moreover, to do otherwise would run the risk of unnecessary litigation if plaintiff, upon receiving an award to which plaintiff is no longer entitled, refuses to give that award to plaintiff's attorney despite a contractual assignment of the award"); *Boykin v. Astrue*, 2010 WL 3339502 (S.D. Ala. Aug. 2, 2010) (awarding EAJA directly to claimant despite contractual assignment to the claimant's attorney, but

noting that "[f]ollowing entry of this fee award, the government can evaluate the propriety of directing payment to [claimant's attorney] pursuant to the Limited Power of Attorney signed by plaintiff"); *Young v. Commissioner*; 2010 WL 3043428 (M.D. Fla. July 30, 2010) ("While Plaintiff's counsel presented a document executed by Plaintiff that purports to assign future EAJA fees, nothing in the record supports a determination that Plaintiff does not currently owe a federal debt. Therefore, the attorney's fees awarded under the EAJA shall be payable directly to Plaintiff."); *Castaneda v. Astrue*, 2010 WL 2850778 (C.D. Cal. July 20, 2010) ("The Court concludes that in light of the assignment, the amount awarded herein, subject to any legitimate offset, should be paid directly to Plaintiff's counsel."); *Watson v. Astrue*, 2010 WL 2903955 (W.D. La. July 19, 2010) ("While *Ratliff* makes it clear that the attorney fee award is the property of the plaintiff, the prevailing party, counsel also has an interest in ensuring her nonstatutory fee rights are satisfied. Therefore, the undersigned will order the fees be made payable to both counsel and claimant. Counsel for the Commissioner has been contacted and has no objection to the award being issued in both counsel and claimant's names."); *Booker v. Astrue*, 2010 WL 2771875 (S.D. Ind. July 13, 2010) ([claimant's attorney] attached an assignment to her reply . . . and the Government did not challenge its validity. Therefore, the Government shall pay the EAJA fee award directly to [claimant's] attorney.").

Pursuant to *Ratliff*, Plaintiff alone is the "prevailing party" and thus the person entitled to an EAJA award under 28 U.S.C. § 2412 (d). While the Court is in a position to determine if Plaintiff has assigned his right to an EAJA award to his lawyer, it is *not* in a position to know if Plaintiff is indebted to the Government, something that would directly affect whether Bartels is entitled to none, some, or all of the attorney's fees. In contrast, the Commissioner is in a position to determine both whether a claimant has made a valid assignment and whether a claimant is indebted to the government. Accordingly, the Court concludes that it should be the Commissioner, not this Court,

that makes both of those determinations after the entry of this Order awarding attorney's fees. Thus, Plaintiff's Supplemental Motion is denied.

IT IS THEREFORE ORDERED that Plaintiff's Motion for an Award of Attorney's Fees Under the EAJA (docket entry #18) is GRANTED and Plaintiff's Supplemental Motion for an Award of Attorney's Fees Under the EAJA (docket entry #23) is DENIED.

IT IS FURTHER ORDERED that Plaintiff is awarded $2,120.96 in attorney's fees and expenses under the EAJA.

DATED this 27th day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE