## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

DAVID JOHNSON                                                                    PLAINTIFF


NO. 3:08CV00187 JTR


MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                          DEFENDANT


## ORDER

On September 27, 2010, the Court entered an Order (docket entry #26) granting Plaintiff's Motion requesting an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), but denied Plaintiff's counsel's request for the payment to be made directly to him.  Plaintiff's counsel argued that, because his client had contractually assigned his right to an EAJA award, he was entitled to direct payment from the Commissioner.

Since entering its Order, the Court was presented with a second opportunity to consider the same issue in *Rodgers v. Astrue*, E.D. No. 4:09CV00694 JTR.  In that case, the Court reversed its position in this case and entered an Order directing the Commissioner to explain: (1) whether he contested the validity of the claimant's assignment; and (2) whether the claimant owed the government a debt that was subject

to an administrative offset.[1]

For the reasons explained by the Court in *Rodgers*, the Court vacates its September 27, 2010 Order and directs the parties to submit further briefing as directed by the Court in *Rodgers*.

IT IS THEREFORE ORDERED THAT:

1.    The Court's September 27, 2010 Order (docket entry #26) is VACATED and SET ASIDE.

2.    The Commissioner shall file a Supplemental Response with twenty-one (21) days of the entry of this Order.

3.    Mr. Bartels may file a Supplemental Reply within fourteen (14) days of the filing of the Supplemental Response.

4.    Mr. Bartels must mail a copy of this Order (including Exhibit A) to Plaintiff, and promptly file a Notice with the Court confirming the mailing.  If Plaintiff wishes to contest the validity of his assignment of his right to EAJA attorney's fees to his attorney, Mr. Bartels, he must file a Response within twenty-one (21) days of the date of this Order setting forth the basis for his objection.

---

[1]The Court's October 14, 2010 Order in *Rodgers* is attached hereto as Exhibit "A".

DATED this 18th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

BEVERLY ELLIS RODGERS

                                                                    PLAINTIFF

V.                          NO. 4:09CV00694 JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                             DEFENDANT

## ORDER

Pending before the Court is Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"). (Docket entry #19).  On August 26, 2009, Plaintiff filed this action challenging the decision of an Administrative Law Judge ("ALJ") denying her claim for social security benefits.  (Docket entry #2). On June 16, 2010, the Court entered a Memorandum Order (docket entry #16) reversing the ALJ's decision and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

On August 18, 2010, Plaintiff's attorney, Mr. Alan J. Nussbaum, filed an Application for Attorney's Fees Under the EAJA.  (Docket entry #19).  Nussbaum requests a total  payment of $5,014.24, representing  21 hours of time in 2009 at an hourly rate of $172.24 ($3,617.04), and 8 hours of time in 2010 at  hourly rate of

$174.65 ($1,397.20).  He also requests that any award be made directly to him.[1]

While the Commissioner does *not* object to the requested amounts for attorney's fees, he makes the conclusory assertion "that, pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the fees awarded under the EAJA are payable to the prevailing party."  (Docket entry #21).

In *Ratliff*, a social security claimant prevailed in her appeal of the denial of benefits, and later sought attorney's fees as the prevailing party under the EAJA, 28 U.S.C. § 2412(d).  Before paying the award, the Commissioner discovered that the claimant owed a preexisting debt to the government, and sought to offset that debt against the EAJA award.  The claimant's attorney intervened to challenge the offset. She argued that, because the EAJA award belonged to her, her client's debt could not be offset against it.

The United States Supreme Court granted certiorari to determine  "whether an award of 'fees and other expenses' to a 'prevailing party' under § 2412(d) is payable to the litigant or to his attorney."  *Ratliff*, 130 S. Ct. at 2524.  The Court held that: (1) the plain language of the statute made it clear the amount of the award is "payable to the litigant"; (2) the Commissioner's historical practice of paying lawyers directly, in cases where the claimant had assigned her rights to the fee and owed the government

---

[1]Historically, in the Eastern District of Arkansas, the practice has been for courts to direct that EAJA awards be made payable directly to the claimant's attorney.

2

no debt, did *not* mandate a different result; and (3) because the EAJA award was "payable to the litigant," the government could offset the claimant's debt against that award.[2] *Id.* at 2524-29.

In his Reply, Nussbaum acknowledges the Court's holding in *Ratliff*, but contends that a claimant may still contractually assign her EAJA fee to her lawyer as long as "plaintiff owes no outstanding debt to the federal government[.]" (Docket entry #22). Nussbaum's contract to represent Plaintiff, which he attaches to his Reply, contains a provision that assigns Plaintiff's right to any EAJA award directly to Nussbaum.[3]

Since the Court's decision in *Ratliff*, numerous lower courts have considered how to handle the issues surrounding a claimant's assignment of a potential future

---

[2]In *Ratliff*, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney.

[3]In pertinent part, the contract provides:

I understand that usually all of the attorney fee will be paid from my past-due benefits.   However, sometimes a court will order the government to pay a portion of the attorney fees pursuant to the [EAJA]. If this happens, I hereby assign any court awarded EAJA attorney fees to my attorney.

(Docket entry #22-1 at 1).

3

award of EAJA attorney's fees and expenses directly to the claimant's attorney.[4]

These courts have reached differing conclusions. *See, e.g. Beshears v. Astrue*, 2010

WL 3522469 (W.D. Ark. Sep. 2, 2010) (pursuant to *Ratliff* "these fees must be

awarded to Plaintiff, not to Plaintiff's attorney . . .[h]owever, if Plaintiff has executed

an assignment to Plaintiff's counsel of all rights in an attorney fee award, and if

Plaintiff owes no outstanding debt to the federal government, the attorney fee award

may be awarded to Plaintiff's attorney"); *Preston v. Astrue*, 2010 WL 3522156 (M.D.

Fla. Sep. 8, 2010) ("In light of *Ratliff*, this Court finds it a better practice to simply

award the EAJA fees directly to Plaintiff as the prevailing party and remain silent

regarding the direction of payment of those fees. It is not the duty of the Court to

determine whether Plaintiff owes a debt to the government that may be satisfied, in

whole or in part, from the EAJA fees award. The Court leaves it to the discretion of

the Commissioner to determine whether to honor Plaintiff's assignment of EAJA

fees."); *Rathke v. Astrue*, 2010 WL 3363380 (D. S.D. Aug. 23, 2010) (rejecting

argument that assignment in contract required an EAJA award to be paid to claimant's

---

[4]While the Court in *Ratliff* held that such attorney's fees and expenses are "payable to the litigant," it recognized that the litigant was free to assign his interest in those attorneys' fees and expenses directly to his lawyer. *See Ratliff*, 130 S. Ct. at 2530 ("The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.") (SOTOMAYOR, J. concurring).

4

attorney — "The state statutes cited by [claimant's attorney] do not alter the Supreme Court's ruling in *Ratliff* nor does the existence of a fee agreement . . . the court is bound by Supreme Court precedent to order the EAJA award in its entirety be paid directly to [the claimant]"); *Patterson v. Commissioner*, 2010 WL 3211139 (N.D. Ohio Aug. 11, 2010) (directing payment to the lawyer where there is an assignment in contract — "In such a case, the payment of an EAJA award directly to plaintiff, a party who no longer holds any legal right to such an award, is without legal justification. Rather, the award should be paid directly to the party to whom plaintiff has assigned the right to receive the award, the plaintiff's attorney. Moreover, to do otherwise would run the risk of unnecessary litigation if plaintiff, upon receiving an award to which plaintiff is no longer entitled, refuses to give that award to plaintiff's attorney despite a contractual assignment of the award"); *Boykin v. Astrue*, 2010 WL 3339502 (S.D. Ala. Aug. 2, 2010) (awarding EAJA directly to claimant despite contractual assignment to the claimant's attorney, but noting that "[f]ollowing entry of this fee award, the government can evaluate the propriety of directing payment to [claimant's attorney] pursuant to the Limited Power of Attorney signed by plaintiff"); *Young v. Commissioner*; 2010 WL 3043428 (M.D. Fla. July 30, 2010) ("While Plaintiff's counsel presented a document executed by Plaintiff that purports to assign future EAJA fees, nothing in the record supports a determination that Plaintiff does

5

not currently owe a federal debt. Therefore, the attorney's fees awarded under the

EAJA shall be payable directly to Plaintiff."); *Castaneda v. Astrue*, 2010 WL 2850778

(C.D. Cal. July 20, 2010) ("The Court concludes that in light of the assignment, the

amount awarded herein, subject to any legitimate offset, should be paid directly to

Plaintiff's counsel."); *Watson v. Astrue*, 2010 WL 2903955 (W.D. La. July 19, 2010)

("While *Ratliff* makes it clear that the attorney fee award is the property of the

plaintiff, the prevailing party, counsel also has an interest in ensuring her nonstatutory

fee rights are satisfied. Therefore, the undersigned will order the fees be made payable

to both counsel and claimant. Counsel for the Commissioner has been contacted and

has no objection to the award being issued in both counsel and claimant's names.");

*Booker v. Astrue*, 2010 WL 2771875 (S.D. Ind. July 13, 2010) ([claimant's attorney]

attached an assignment to her reply . . . and the Government did not challenge its

validity. Therefore, the Government shall pay the EAJA fee award directly to

[claimant's] attorney.").

On September 27, 2010, the Court entered an Order (docket entry #26) in

*Johnson v. Astrue*, E.D. Ark. No. NO. 3:08CV00187 JTR which approved the amount

of the attorney's fees and expenses requested by the prevailing claimant's attorney,

under the EAJA, but held that it should be left up to the Commissioner to decide: (1)

if the claimant had legally assigned those fees and expenses to his attorney; and (2)

6

if the claimant owed the government any debts that should be offset against those attorney's fees and expenses. While the Court was in a position to decide if the assignment was in proper form, it was *not* in a position to determine the offset issue because the Commissioner's Response failed to address it. The Court reasoned that, if those issues were sent back to the Commissioner, he would be in a position to decide *both* matters.

This case provides the Court with its second opportunity to consider this issue. After giving the matter further thought, the Court concludes that it — not the Commissioner — should decide both the issue of the legal sufficiency of the assignment and the issue of whether any debt owed by the claimant to the government should be offset against the attorney's fees and expenses. Accordingly, the Court will vacate and reverse its earlier decision in *Johnson v. Astrue*, and follow the procedures outlined in this decision in all future cases.[5]

First, if the matter is returned to the Commissioner, the Court has no way of knowing how long it may take for the Commissioner to resolve what should be two simple issues. Accordingly, a lawyer who has earned his or her fee and is entitled to be paid, may be placed in administrative limbo for an unknown but potentially lengthy

---

[5]"Wisdom too often never comes, and so one ought not to reject it merely because it comes late." *Henslee v. Union Planters Nat. Bank & Trust Co.*, 335 U.S. 595, 600 (1949) (FRANKFURTER, J. dissenting).

7

period of time. Absent a clear statutory mandate, the Court is unwilling to send counsel for a prevailing party into such uncharted administrative waters.

Second, the Court would be charging the Commissioner, who oversees an agency of "the government," with making decisions about issues in which he has an interest. Presumably, the Commissioner would refer the matter to an ALJ, a neutral third-party who would be charged with deciding the matter. If the prevailing party's attorney disagreed with the ALJ's decision, it seems probable the matter would go to the Appeals Council and, then, back to this Court. In other words, the claimant's attorney would be required to embark on an administrative journey, which might take many months to complete, only to end up once again before this Court, requesting it to reverse the Commissioner's final decision on attorney's fees.

Finally, it is unquestionably within the jurisdiction of the federal court, *not* the Commissioner, to decide: (1) if EAJA attorney's fees and expenses are recoverable; (2) if the requested the amount of those fees and expenses is reasonable; and (3) the party who is entitled to receive those fees and expenses. The corollary issues of whether a prevailing claimant has lawfully assigned those fees and expenses to his or her attorney and whether the claimant owes the government a debt that should be offset against those fees and expenses are inextricably related to the other issues which *the Court* must decide in resolving every Application for Attorney's Fees under the

EAJA. Accordingly, the Court concludes that it should decide any issues surrounding the claimant's assignment of his right to receive EAJA fees and expenses and any legitimate amounts that should be offset against those fees and expenses based on outstanding debts the claimant may owe the federal government.

As indicated earlier, the Commissioner's Response to Plaintiff's Application for Attorney's Fees and Expenses does *not* object to the amounts requested by Nussbaum. The Commissioner also does *not* address or challenge the assignment pursuant to which Nussbaum contends Plaintiff assigned to him her interest in any future award of EAJA attorney's fees and expenses. Similarly, the Commissioner does *not* address whether Plaintiff owes the government any debt which should be offset against the amount of the requested attorney's fees and expenses. Instead the Commissioner makes a blanket objection to Plaintiff's Application for Attorney's Fees and Expenses "based on *Ratliff*." The Court concludes that the Commissioner's Response is inadequate and fails to provide the Court with any of the information that it needs to resolve the post-*Ratliff* issues which the Commissioner nominally raises but does *not* address in his Response.

Within twenty-one (21) days of the date of the entry of this Order, the Commissioner must file a Supplemental Response explaining: (1) whether he contests the validity of the assignment in the contract between Plaintiff and Nussbaum, and if

so, the specific grounds for challenging Nussbaum's right to have the award of EAJA attorney's fees and expenses paid directly to him pursuant to that assignment; and (2) whether Plaintiff owes the Government a debt, and if so, the amount of that debt and whether the Government intends to pursue an administrative offset against the EAJA attorney's fees and expenses.

Plaintiff's counsel will then be allowed fourteen (14) days to file a Supplemental Reply addressing the issues raised in the Supplemental Response.

Finally, Plaintiff is an *interested party*. If the validity of the assignment is successfully challenged, she may be entitled to recover the EAJA attorney's fees and expenses.  Accordingly, Nussbaum must provide Plaintiff with a copy of this Order.

IT IS THEREFORE ORDERED THAT:

1.    The Commissioner shall file a Supplemental Response with twenty one (21) days of the entry of this Order.

2.    Nussbaum may file a Supplemental Reply within fourteen (14) days of the filing of the Supplemental Response.

3.    Nussbaum must mail a copy of this Order to Plaintiff, and promptly file a Notice with the Court confirming the mailing.  If Plaintiff wishes to contest the validity of the assignment in this case, she shall file a Response within twenty-one (21) days of the date of this Order setting forth the basis for her objection.

10

DATED this 14th day of October, 2010.

_____

UNITED STATES MAGISTRATE JUDGE