**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

DAVID JOHNSON                                                                                          PLAINTIFF

V.                                    NO. 3:08CV00187 JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                                              DEFENDANT

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's Motion (docket entry #18) and Supplemental Motion (docket entry #23) for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"). For the reasons set forth herein, the Motion will be granted, and the Supplemental Motion will be denied.

On November 18, 2008, Plaintiff filed this action challenging the Commissioner's decision denying his claim for social security benefits. (Docket entry #2). On March 22, 2010, the Court entered a Memorandum Order and a Judgment (docket entries #16 and #17) reversing the Commissioner's decision and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

On May 24, 2010, Plaintiff's attorney, Mr. Anthony W. Bartels, filed a Motion

for an Award of Attorney's Fees Under the Provisions of the EAJA. (Docket entry #18). Pursuant to an agreement between Bartels and the Office of General Counsel of the Social Security Administration, Bartels requests payment for 10.25 hours of work performed by an attorney during 2008 and 2009 at the adjusted hourly rate of $175.00. Furthermore, Bartels seeks payment for 4.15 hours of paralegal time at the rate of $75.00 an hour, and $15.96 in expenses. The Commissioner does not object to the requested amounts for attorney's fees and expenses. (Docket entry #17).

Under these circumstances, the Court concludes that Plaintiff is entitled to an award of fees and expenses under the EAJA, and that the amount requested is reasonable.

In Bartels' Supplemental Motion (docket entry #23), he requests that any EAJA award "should be payable to, and mailed directly to" him as counsel for Plaintiff. In support of his request, Bartels attaches his fee agreement with Plaintiff, pursuant to which Plaintiff has assigned his right to an EAJA award to him.

On October 18, 2010, the Court entered an Order (docket entry#27) directing the Commissioner to file a Supplemental Response addressing: (1) whether he contests the validity of the assignment in the contract between Plaintiff and Bartels, and if so, the specific grounds for challenging Bartels' right to have the award of EAJA attorney's fees and expenses paid directly to him pursuant to that assignment;

and (2) whether Plaintiff owes the Government a debt, and, if so, the amount of that debt and whether the Government intends to pursue an administrative offset against the EAJA attorney's fees.

On November 4, 2010, the Commissioner filed his Supplemental Response. (Docket entry #29). On November 18, 2010, Bartels filed a Supplemental Reply. (Docket entry #30).

The Commissioner argues that the purported assignment between Bartels and Plaintiff is invalid pursuant to the Anti-Assignment Act, 31 U.S.C. § 3727(b).[1] Nonetheless, the Commissioner, "in an effort to work with the Plaintiff's bar," has agreed to waive strict compliance with the Anti-Assignment Act in accordance with the following procedure:

---

[1] The Anti-Assignment Act governs, among other things, a "transfer or assignment of any part of a claim against the United States Government[.]" 31 U.S.C. § 3727(a)(1). The Act establishes several technical requirements for a valid assignment:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged.

31 U.S.C. § 3727(b).

(1)  After an Order is entered awarding a claimant attorney's fees under the EAJA, the Commissioner will contact the Treasury Department to determine if the claimant owes the Government a debt that is subject to offset under the Treasury Offset Program ("TOP").[1]

(2)  "[I]f there is no debt, the Commissioner will waive the requirements of the [Anti-Assignment Act] and honor the agreement between the plaintiff and her attorney by paying the award directly to the attorney."  (Docket entry #29 at 4).

(3)  If the claimant does owe the Government a debt, the Commissioner will direct that payment of the EAJA attorney's fees and expenses be made to the claimant, which will subject the payment to the administrative offset process under the TOP.

In his Supplemental Reply, Bartels does not object to following the procedure suggested by the Commissioner.

Consistent with the procedure suggested by the Commissioner, the Court will

---

[1]The Treasury Department's Financial Management Service ("FMS") administers the TOP.  *See* 31 C.F.R. § 285.5(a)(1).  Before certifying a debt to the FMS, a creditor agency must satisfy various regulatory requirements, including notice to the  debtor and an opportunity to present evidence contesting the debt.  *See* 31 C.F.R. § 285.5(d).

When a federal agency instructs the Treasury Department to pay one of its obligations to a payee, the FMS determines whether the payee's name and taxpayer identifying number match a delinquent debt record certified from a creditor agency.  *See* 31 C.F.R. § 285.5(b) If the payee matches a debt, the Government's payment is offset to satisfy the debt. *See* 31 C.F.R. § 285.5(c)(2).

grant Plaintiff's Motion and award his attorney's fees pursuant to the EAJA. *See Kelley v. Astrue*, 2010 WL 3636145 (E.D. Ky Sep. 14, 2010) (unpublished decision) (approving of Commissioner's proposal to decide whether to waive compliance with the Anti-Assignment Act and to pay the claimant's attorney directly only after an order is entered awarding EAJA attorney's fees directly to the claimant — "the Court believes the best practice is to award the EAJA fees directly to Plaintiff. The Court will not engage in determining whether Plaintiff owes a debt to the government. Instead, the Court will leave it to the discretion of the Commissioner whether to honor Plaintiff's assignment of her EAJA fees."); *Calderon v. Astrue*, 2010 WL 4295583 (E.D. Cal. 2010 Oct. 22, 2010) (approving Commissioner's proposal and awarding EAJA attorney's fees to the claimant — "Defendant . . . seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt pursuant to government's discretionary waiver of the requirements of the Anti-Assignment Act. This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset.").

IT IS THEREFORE ORDERED that Plaintiff's Motion for an Award of Attorney's Fees Under the EAJA (docket entry #18) is GRANTED and Plaintiff's Supplemental Motion for an Award of Attorney's Fees Under the EAJA (docket entry

#23) is DENIED.

IT IS FURTHER ORDERED that Plaintiff is awarded $2,120.96 in attorney's fees and expenses under the EAJA.

DATED this 4th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE